[No. 7526.   Decided March 30, 1909.]

EDWARD AUNE, *Respondent*, v. AUSTIN-WILLIAMS TIMBER COMPANY, *Appellant*.[1]

FIRES—ACTION FOR LOSS—COMPLAINT—ALLEGING TITLE TO PROPERTY DESTROYED—LOGS—CONTRACT FOR CUTTING.   In an action for the value of poles cut by the plaintiff upon defendant's land, under a contract whereby plaintiff was to cut, yard, and measure the poles and pay defendant therefor, lost by a fire negligently set out by defendant, the plaintiff need not allege that his title to the poles had vested by the completion of his work and payment therefor; since he was not working for wages and had a certain value invested in the poles.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 11, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover damages for loss of property destroyed by fire.   Affirmed.

*John B. Hart* and *Robert H. Evans*, for appellant.

*Martin J. Lund*, for respondent.

· DUNBAR, J.—This was an action by the plaintiff against the defendant, to recover damages for the loss of poles destroyed by a forest fire started, as alleged, through the negligence of defendant.   The defendant was the owner of a large tract of timber land in Jefferson county, and was conducting logging operations there, using donkey engines for carrying on its work.   On April 16, 1907, the defendant entered into a contract with plaintiff whereby the plaintiff agreed to cut all poles standing upon the lands of defendant, and to yard them to defendant's skid road, paying therefor so much per lineal foot stumpage charges, defendant agreeing to haul the poles to water at so much each.   The plaintiff employed several men and began work under the contract, and by the 27th of June he had cut and yarded a large num-

[1]Reported in 100 Pac. 746.

ber of poles. The yard donkey of defendant was located in the woods, and when the plaintiff under the contract piled the poles that he had cut close to its skid road, the donkey engine was moved by the defendant up to the poles. On the 27th of June, a fire occurred in the forest close to the yard donkey of defendant. The fire started on Monday, and on Monday a certain number of poles were burned. On Tuesday the fire continued, and other poles were burned. This action was brought for the value of the poles that were burned, their value being alleged at something over $1,500. The case was tried by the court without a jury, and the court permitted a recovery only for the poles which were burned the first day, the judgment being for $115.50, but held that the plaintiff, having had information of the fire which was raging on the second day, and not having made any attempt to put it out, contributed to the disaster and could not recover therefor. A demurrer was interposed to the complaint, on the. ground that the complaint did not state facts sufficient to constitute a cause of action. There was a second ground alleged in the demurrer, but it was substantially the same as the first. The demurrer was overruled, and this is alleged as error.

It is the contention of the appellant, that the respondent could not recover the value of the poles which were destroyed, under the allegations of the complaint, there still having been something remaining to be done before a title would vest in the respondent, the poles not having been measured or hauled, and the respondent never having paid for any of them; that the only thing under such a contract that the respondent could recover would be the value of the work which .he had put upon the poles; and some few cases are cited to sustain this contention. But this is not that kind of a case, as was *Meeker v. Johnson*, 3 Wash. 247, 28 Pac. 542, where hops had been bought on a rising market and the question of title became necessary in the determination of the case. Here there is no question of title necessary, and no rights of any third parties as to responsibility for the goods lost involved.

The respondent had a certain value invested in these poles, and that value was destroyed by the negligence of the appellant. The respondent was not working for wages, nor was the appellant to pay him under their contract for the value of his wages. Therefore, he was entitled to his bargain under his contract. If appellant's theory is correct, at any time during the transaction if the appellant had discovered that it had made a contract in which it was giving more for the work performed than it might have got the work performed for from some other source, it could have repaid respondent for his labor, and taken to itself the profit which under the contract belonged to the respondent. We think the court properly overruled the demurrer to the complaint.

On the merits of the case, the court found that the appellant carelessly allowed the fire to spread from its donkey engine to the poles cut by the respondent, and that they were thereby destroyed, and that said fire spread from the donkey engine without the knowledge of the respondent; this, with reference to the poles which were burned the first day, being the only poles for which the court allowed a recovery. Exceptions are made to these findings of fact and conclusions of law, but we are satisfied from the record that they were entirely justified, and that the court committed no error in the findings or conclusions made, or in the admission of testimony.

The judgment will therefore be affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, MOUNT, CROW, and GOSE, JJ., concur.

MORRIS and PARKER, JJ., took no part.